UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL LEE WILLIAMS, | ) | Case No. 04CV7054 |
| | ) | |
| Petitioner, | ) | Judge Ann Aldrich |
| | ) | |
| v. | ) | Magistrate Judge Nancy A. Vecchiarelli |
| | ) | |
| JAMES HAVILAND, Warden, | ) | |
| | ) | MEMORANDUM |
| Respondent. | ) | AND ORDER |
| | ) | |

For the reasons that follow, the court declines to adopt the R&R. Instead the court finds one of Williams's objections to be well taken and grants his habeas corpus petition. This court holds that the indictment violated Williams's rights under the Fifth Amendment Grand Jury Clause, and his Sixth Amendment rights as interpreted by *Apprendi v. New Jersey* (2000), by failing to expressly present the *mens rea* element of the charged offenses to the grand jury.

## I. BACKGROUND

Williams and others suspected one drug dealer of stealing a kilogram of cocaine from another dealer. Williams admits that he was involved in a scheme to cause a fire in the rival dealer's house, and that his codefendant Michael Wright threw two "Molotov cocktails" into that dealer's house in Akron. Williams claims that he never intended for anyone to die in the fire, but merely wanted to snatch the cocaine from the dealer when he ran out of the house to escape the fire. As it turns out, the fire killed five people, including four children.

In February 2001 a state court jury convicted Williams of all seven offenses charged in the indictment: complicity to aggravated robbery, complicity to aggravated arson, and five counts of complicity to aggravated murder. The court sentenced him to life imprisonment without the possibility of parole. In 2002 the Ohio Court of Appeals affirmed, and the Ohio Supreme Court dismissed his further appeal for want of a substantial constitutional question. Williams filed the instant petition to challenge the constitutionality of his convictions on six grounds:

One     *Apprendi* violation. The indictment failed to set forth the element of specific intent required to find aggravated arson, aggravated robbery and aggravated murder, so the grand jury never considered whether there was probable cause to find such intent.

Two     The same omission violated Williams's Due Process right to have the grand jury find probable cause on the specific intent needed to make the murder death-eligible.

Three     The evidence presented to the grand jury was insufficient to support a finding of probable cause on "prior calculation and design," an element of the aggravated murder charge and the attendant death-penalty specification.

Four     The fourth claim appears the same as the third, except that it mentions the "purposeful" element of the aggravated murder charge and death specification, in addition to the "prior calculation and design" element.

Five     The trial judge incorrectly instructed the jury that they should not consider the lesser included offense of murder until and unless they found that the state failed to prove beyond a reasonable doubt that Williams was complicit in *aggravated* murder. Such an "acquittal of the greater offense first" instruction violates Williams's Due Process liberty interest.

Six     By failing to object to the unconstitutional "acquittal first" instruction, Williams's counsel rendered ineffective assistance.

Williams's petition was automatically referred to the magistrate judge, who issued a report on January 31, 2005 recommending that the petition be denied. Williams filed timely objections to the R&R on February 10, and on February 16 the government filed a response to those objections.

## II.  LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies because Williams

filed his petition after its effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 337 (1997).

AEDPA provides, in pertinent part,

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the

judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits

in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This court is bound by the state courts' determination of Williams's claims unless

the state court decision involved an unreasonable application of clearly established federal law.  *See*

*Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).  This court may not issue the writ of habeas

corpus simply because it concludes in its independent judgment that the state court's decision incorrectly

applied clearly established federal law.  "Rather, that application must also be unreasonable." *Williams*

*v. Taylor*, 529 U.S. 362, 411 (2000); *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir.

2000).

## III.  DISCUSSION

**A.      Did the Indictment Adequately Inform *The Grand Jury*
of the Elements of the Offenses Charged?**

3

Williams contends that the government violated his rights under *Apprendi* and *Ring* because the indictment failed to expressly set forth, in so many words, each element of the charged offenses for consideration by the grand jury and trial jury. This argument has merit and is not foreclosed by the decisions relied on by the government and the magistrate judge.

1.    The Charges in the Indictment

Count one, aggravated arson, alleged that Williams did, "acting *with the kind of culpability required* for the commission of an offense, aid or abet another in committing the offense, to wit: Aggravated Arson, in violation of Ohio Revised Code Section 2909.02(A)(1); in violation of Ohio Revised Code Section 2923.03(A)(2), a felony of the first degree."

Similarly, count two, aggravated robbery, alleges that Williams did, "acting *with the kind of culpability required* for the commission of an offense, aid or abet another in committing the offense, to wit: Aggravated Robbery, in violation  of Ohio Revised Code Section 2911.01(A)(1)."

Likewise, counts three through seven, aggravated murder, alleged that Williams did, "acting *with the kind of culpability required* for the commission of an offense, aid or abet another in committing the offense, to wit: Aggravated Murder, in violation of Ohio Revised Code Section 2903.01(B)." Emphases added.

By failing to expressly specify the *mens rea* which the government must prove, Williams contends, the indictment failed to ensure that the grand jury made the requisite finding of probable cause on each essential element of the offenses charged. For instance, the indictment failed to include the critical *mens rea* element of aggravated murder under O.R.C. § 2003.01(B), which provides, "No person shall

4

*purposely* cause the death of another ... while committing or attempting to commit, or fleeing immediately after committing, ... aggravated arson, aggravated robbery or robbery,...." Pet. ¶ 21 (emphasis added).

### 2.        What an Indictment Must Say to Adequately Inform *the Defendant* of the Charges

As the magistrate judge noted, the Fourteenth Amendment Due Process guarantee "mandates that whatever charging method the state employs, it must give the defendant fair notice of the charges against him to permit adequate preparation of his defense." R&R at 10 (citing, *inter alia*, *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) (citing *In re Ruffalo*, 390 U.S. 544 (1968)). An indictment gives the defendant this fair notice if it "enable[s] the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992), *cert. denied*, 507 U.S. 1041 (1993).

The magistrate judge further correctly noted our Circuit's general rule that "an indictment is sufficient [for this purpose] even if it does not expressly state the *mens rea* requirement of the crime charged as long as it cites the appropriate statute identifying the *mens rea* element." R&R at 10-11 (citing *Martinez*, 981F.2d at 872). In this vein, our Circuit recently reaffirmed that "[a]n indictment is sufficient if it 'set[s] forth the offense in the words of the statute itself, as long as 'those words ... fully, directly, and expressly ... set forth all the elements necessary to constitute the offense intended to be punished.'" *United States v. Douglas*, 398 F.3d 407, 409 (6th Cir. 2005) (quoting *United States v. DeAndino*, 958 F.2d 146, 147 (6th Cir. 1992) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

### 3.        Under *Apprendi*, the Indictment Must Expressly Inform the Jury of Every

Offense Element the Constitution Requires Them to Consider

So in this respect the government and the magistrate judge's report correctly state our Circuit's law,

but *not in the context presented by Williams's petition*. Both *Douglas* and the decision relied on in the

R&R, *Martinez*, addressed only how much the indictment must say to sufficiently inform *the defendant*

of the nature of the charges against him. Neither of those decisions – nor any Sixth Circuit decision citing

them – has ever addressed the related but distinct question presented here.[1] Namely, how much must the

indictment say to ensure that *the jury* is sufficiently apprised of each and every element on which it is the

factfinder? This inquiry has crucial consequences for the observance of the defendant's constitutional rights

at both the grand jury phase and at trial.

The indictment's failure to expressly present the *mens rea* element of the charged offenses certainly

prejudiced Williams, making it impossible to know with confidence whether the grand jury fully performed

its function. The grand jury is an institution separate from the courts, and its function is to serve as "a kind

of buffer or referee between the government and the people." *In re Grand Jury Subpoena, Judith Miller*,

397 F.3d 964, 973 (D.C. Cir. 2005) (quoting *United States v. Williams*, 504 U.S. 36, 47 (1992)).

Following centuries of British tradition, the Fifth Amendment requires the grand jury to determine "whether

there is probable cause to believe [that] a crime has been committed" and to protect citizens against

---

[1] *See, e.g., United States v. Lentsch*, 369 F.3d 9487 (6th Cir. 2004); *United States v. Orris*, 86 Fed. Appx. 82, 2004 WL 68534 (6th Cir. Jan. 8, 2004); *United States v. Knight*, 63 Fed. Appx. 870, 2003 WL 21206088 (6th Cir. May 9, 2003); *Brice v. Snyder*, 82 Fed. Appx. 444, 2003 WL 22734838 (6th Cir. Nov. 13, 2003); *United States v. Mustafa*, 173 F.3d 430, 1999 WL 96743 (6th Cir. Feb. 3, 1999) (declining to decide whether indictment was flawed for failure to specify *mens rea* element of conspiracy charge, as defendant failed to allege prejudice); *United States v. Bright*, 48 F.3d 1220, 1995 WL 98816 (6th Cir. Mar. 8, 1995).

6

unfounded criminal prosecutions. *United States v. Calandra*, 414 U.S. 338, 343 (1974). The grand jury's function is so vital, and its determination so respected, that "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Radvansky v. City of Olmsted Falls*, 395 F.3d 295, 307 n.13 (6th Cir. 2005) (citations omitted).

Long before *Apprendi* it was established that the Fifth Amendment's Grand Jury Clause is meant to "provide a check on the prosecutorial power of the State by ensuring that only an independent and neutral body of defendant's peers can frame the factual contours of the alleged criminal activity." *United States v. Nieves*, 108 Fed. Appx. 790, 792, 2004 WL 1981503, at *2 (4th Cir. Sept. 8, 2004) (citing *Stirone v. United States*, 361 U.S. 212, 217-19 (1960)). Then, in *Apprendi*, the Supreme Court clearly held that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than a prior conviction) that increases the maximum penalty for a crime *must be charged in an indictment*, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) (emphasis added) (quoting *Jones v. United States*, 526 U.S. 227, 243 (1999)).

Absent the indictment's express presentation of every element of the offenses as required by *Apprendi*, there is no way to tell whether the grand jury fully performed its "uniquely protective role." *United States v. Bruce*, 394 F.3d 1215, 1230 (9th Cir. 2005). The Eighth Circuit considered a similar issue in *United States v. Olson*, 262 F.3d 795 (8th Cir. 2001), where the defendant was convicted of aiding and abetting two bank robberies. The indictment alleged that Olson aided and abetted the robbery of a federally insured bank "in violation of Title 18, United States Code, Section 2113(a)," but it failed to

allege that the money was taken from the bank by force, violence or intimidation as required for a

conviction under that subsection.  Olson's appellate counsel contended that without expressly stating that

element in the indictment, the government could not secure a conviction under 18 U.S.C. § 2113(a).

Rather, Olson contended, at most the indictment could support his conviction for the lesser crime described

in subsection (b), which required only the intent to steal, not the use of force, violence or intimidation.  The

Eighth Circuit agreed, holding:

> The parties agree that the use of force or intimidation is an essential element of this [greater]
> offense.  Count 1 contains no clear allegation that defendants took money from the victim teller by
> force or intimidation.  * * *  [T]he government acknowledges that Count 1 inadvertently omitted
> this element of the offense but argues Count 1 was nonetheless sufficient ... because it was entitled
> "Bank Robbery," described the teller as a victim, and cited § 2113(a) as the charging statute.
>
> Even construing Count 1 liberally, we conclude it does not sufficiently allege that the Stacy bank
> robbery was accomplished "by force and violence, or by intimidation."  * * *  [C]itation of the
> [charging] statute, without more, does not cure the omission of an essential element of the charge
> because *bare citation of the statute is of scant help in deciding whether the grand jury
> considered the missing element in charging the defendant.*

*Olson*, 262 F.3d at 799 (emphasis added).  Likewise, allowing Williams's convictions to stand when there
is no assurance that the grand jury considered his *mens rea* in finding probable cause, would violate both
his Fifth Amendment Grand Jury right and his Sixth Amendment jury trial and notice rights as interpreted
by *Apprendi*.  Such error is not harmless, and it entitles Williams to a writ of habeas corpus.  The
prosecution must present a new grand jury with an indictment that expressly lists all elements of the charged
offenses for their consideration in determining whether there is probable cause to believe that he committed
them.

## B.    Williams's Other Objections to the R&R

This disposition obviates the need to consider Williams's other objections.[2]

---

[2]     The court has deliberately eschewed consideration of Williams's state law arguments,
because state law is an arena in which it defers to the state courts.  *See Estelle v.
McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas court may review state court's
application of state law only to determine whether petitioner was denied fundamental

## IV.  ORDER

While the magistrate judge's report and recommendation is both thorough and thoughtful, this

court finds the objection discussed above to be well taken.  Accordingly, this court declines to adopt

the R&R.

Williams's petition for a writ of habeas corpus is granted.

This is a final and appealable order.

IT IS SO ORDERED.

                                                            /s/ Ann Aldrich                           
                                                            ANN ALDRICH
                                                            UNITED STATES DISTRICT JUDGE

Dated:  July 1, 2005

---

fairness in the trial process); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (comity
dictates that a federal habeas court may not review an alleged violation of state law or a
state court's application of purely state law).

Nor does today's decision rely on *Blakely v. Washington*, 124 S.Ct. 2531 (2004) or
*Booker v. US*, 125 S.Ct. 738 (2005), which were issued after Williams's convictions
became final and do not apply retroactively to cases on collateral review. *See Humphress
v. US*, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005) ("*Booker* does not apply retroactively
to cases already final on direct review"); *Patterson v. US*, 2004 WL 1615058, at *4 n.3
(E.D. Mich. July 2, 2004) ("Because  *Blakely* ... is in fact an extension of the rule
announced in *Apprendi* ..., and because the Supreme Court has already decided that
*Apprendi* is not applied retroactively, [habeas] Petitioner cannot benefit from the *Blakely*
decision.") (citation omitted).