UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAMUEL LEE WILLIAMS, ) | Case No. 04CV7054 |
| ) | |
| Petitioner, ) | JUDGE ANN ALDRICH |
| ) | |
| v. ) | |
| ) | |
| JAMES HAVILAND, Warden, ) | |
| ) | MEMORANDUM AND ORDER |
| Respondent. ) | |
| ) | |

By memorandum and order dated July 1, 2005, this court granted Williams's petition for a writ of habeas corpus. This court held that the indictment violated Williams's rights under the Fifth Amendment Grand Jury Clause, and his Sixth Amendment rights as interpreted by *Apprendi v. New Jersey* (2000), by failing to expressly present the *mens rea* element of the charged offenses to the grand jury. The respondent, warden James Haviland, has appealed to the Sixth Circuit and has also filed a motion asking this court to stay the July 1 order pending the outcome of the appeal. For the reasons that follow, the court grants the warden's motion.

In considering whether to grant a stay pending appeal, the court applies the traditional four-part injunctive relief test, which asks: (1) whether the appellant has a strong or substantial likelihood of success on the merits of his appeal; (2) whether the appellant will suffer irreparable harm if the order is not stayed pending appeal; (3) whether a stay will substantially injure other interested parties; and (4) where the public interest lies. *See Family Trust Foundation of Ky. v. Kentucky Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004) (citations omitted).

In applying this test, the court balances these factors. The appellant must demonstrate a likelihood of success on the merits "to the degree inversely proportional to the amount of irreparable harm that will

be suffered if a stay does not issue." *Id.* In order to justify a stay, the appellant must demonstrate "at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Id.* (citation omitted).

While this court expects the Circuit to affirm its holding that the indictment against Williams was constitutionally deficient, the issue is fairly complicated and there was little case law to be found directly on point. Therefore affirmance is hardly a certainty, and Haviland does present a serious question going to the merits. *Contrast Ward v. Wolfenbarger*, 340 F. Supp. 2d 773, 778 (E.D. Mich. 2004) (although judge normally granted stay pending appeal of orders granting habeas petition, warden was not entitled to stay in this case, because he failed to offer any argument in support of his assertion that he was likely to prevail on appeal).

As to the second and third factors, few harms are more serious than depriving a man of his liberty, and nothing can truly make up for time wrongly spent in prison. *See generally Credit Francais International v. Bio-Vita, Ltd.*, 78 F.3d 698, 709 (1st Cir. 1996) ("Typically, a miscarriage of justice may be shown where a litigant would suffer grave personal harm, such as a loss of liberty...."); *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) (monetary damages "constitute inadequate recompense" for loss of liberty).

This is particularly true where, as here, Williams was convicted based on an indictment and grand jury process that violated his Sixth Amendment jury trial rights. *See Lewis v. United States*, 518 U.S. 322, 334 (1996) ("the Sixth Amendment also serves the ... purpose of preventing the court from effecting a most serious deprivation of liberty – ordering a defendant to prison for a substantial period of time – without the government persuading a jury that he belongs there.") (Kennedy and Breyer, JJ., concurring in the judgment).

2

On the other hand, without making light of the privation of continued incarceration, there was apparently substantial evidence tending to implicate Williams in a vicious violent crime that caused the death of innocent people. The court is mindful that those victims included children who burned to death in their own home. Moreover, so far as the record reflects, Williams has not challenged the sufficiency of the evidence supporting his convictions for that horror. Given the risk that Williams may pose, there is a compelling public interest in not lightly releasing him in these circumstances until and unless the higher court has made sure that he is indeed entitled to go free. *Cf. US v. Rose*, 541 F.2d 750, 758 (8th Cir. 1976) (nothing wrong with federal official alerting state officials that defendant might be released from federal custody, nor with state officials arresting defendant as soon as he was, as the "officers knew that the preliminary hearing would or might have the effect of setting at liberty a man whom they had every reason to believe had committed a most serious crime.").

Therefore, while the decision is a close one, the court will not require Williams's release before the Circuit has had an opportunity to rule on the warden's appeal.

## ORDER

Warden Haviland's motion for a stay pending appeal [doc. no. 47] of this court's July 1, 2005 order granting a writ of habeas corpus is granted.

Williams shall remain incarcerated pending the outcome of Haviland's appeal.

IT IS SO ORDERED.

    /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated: September 26, 2005

3