UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAMUEL LEE WILLIAMS, ) | |
| ) | Case No. 3:04-CV-07054 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE ANN ALDRICH |
| ) | |
| JAMES HAVILAND, Warden, ) | Magistrate Judge Nancy Vecchiarelli |
| ) | |
| Respondent. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

Before the court is petitioner Samuel Lee Williams's ("Williams") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1], on remand from the Sixth Circuit. This court initially granted Williams's petition on his first two claims for habeas relief in a memorandum and order dated July 1, 2005 [Docket No. 45], but the Sixth Circuit reversed in October 2006 [Docket No. 52] and remanded the matter to this court to consider the rest of Williams's petition. The parties have indicated that no further briefing is necessary, so the court will consider Magistrate Judge Nancy Vecchiarelli's January 31, 2005 report and recommendation ("R&R") [Docket No. 41] that Williams's remaining claims for habeas relief be denied, along with Williams's objections to the R&R [Docket No. 43]. For the following reasons, the court adopts the R&R's findings in full, overrules Williams's objection, and denies Williams's petition.

The R&R, the court's previous memorandum and order and the Sixth Circuit have all summarized the underlying facts of this case, so the court will only briefly summarize the facts pertinent to Williams's remaining objection. In March 2000, Williams was involved in the firebombing of a house in an effort to recover stolen cocaine. Five individuals were killed when the house burned down.

In February 2001, the evidence at trial established that Williams planned the firebombing, instructed others on how to proceed, and acted with the full and complete knowledge that other individuals would be in the house and would almost certainly die in the fire. The jury convicted Williams on one count each of complicity to commit aggravated arson and complicity to commit aggravated robbery, and five counts of aggravated murder with capital specifications, recommending life imprisonment without eligibility for parole for the murder counts.

In his February 2004 habeas petition, Williams raised six claims for relief. The first two claims were based on a particular reading of *Apprendi v. New Jersey*, 534 U.S. 466 (2000). Magistrate Judge Vecchiarelli recommended denial of the petition on those two claims; this court disagreed and was reversed by the Sixth Circuit. The court must now consider the remaining four claims raised by Williams in his petition. Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the Magistrate Judge's disposition to which specific objections have been made. Accordingly, Local Rule 72.3 (b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." A District Judge "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id*. In the R&R, Magistrate Judge Vecchiarelli recommended denial of the petition because Williams's fifth claim was procedurally defaulted, and his third, fourth and sixth claims lacked merit. Williams's only remaining objection addresses the Magistrate Judge's recommended denial of his fourth claim, that there was insufficient evidence presented at trial to support his convictions for aggravated murder with capital specifications. With respect to the Magistrate Judge's recommendation that claims three and six be denied on their merits, and claim five be denied as procedurally defaulted, the court adopts the well-reasoned analysis of those claims in the R&R and denies those claims for the reasons stated therein.

In his objection to the R&R's recommended denial of his fourth claim, Williams does little more than to restate the arguments made before Magistrate Judge Vecchiarelli. Nor does Williams provide this court with any reason to overturn the Magistrate Judge's finding that the state court reasonably applied the proper standard for determining sufficiency of the evidence, as announced by the Supreme Court in *Jackson v. Virginia*. 443 U.S. 307, 319 (1979). In this case, given the evidence establishing Williams's knowledge of the house's other occupants and the likely effect of a firebomb, as well as the evidence establishing Williams's reaction to the five deaths after the arson, the court is unable to find that "no rational trier of fact could find guilt beyond a reasonable doubt" in this case. *Id.* at 317. More importantly, it cannot be said that the state appellate court improperly or unreasonably applied that Supreme Court precedent in denying Williams's appeal, which is what Williams must establish in order to obtain habeas relief. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 410-11 (2000). The court therefore overrules Williams's objection and adopts the R&R's recommendation that Williams's fourth claim be denied.

For the foregoing reasons, the court adopts the R&R's [Docket No. 41] recommendations on Williams's third through sixth claims, denies Williams's petition [Docket No. 1], and dismisses this action. This order is final, but not appealable, as the court certifies pursuant to 28 U.S.C. § 2253(c)(2) that Williams has not made a substantial showing of the denial of a constitutional right, and declines to issue a certificate of appealability for this order.

IT IS SO ORDERED.

   /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: June 20, 2007**