UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Samuel Lee Williams,                                              Case No. 3:04-cv-7054

          Petitioner

   v.                                                                            MEMORANDUM OPINION

James Haviland,

          Respondent

This matter is before me on Petitioner's Request for Resolution regarding claims ruled upon by this Court. A brief recitation of the procedural history is necessary before addressing the Petitioner's specific request.

### I. PROCEDURAL HISTORY

The Petitioner initiated his petition for a writ of habeas corpus under 28 U.S.C. § 2254 in February 2004. After the initial briefing, the Magistrate Judge issued a Report and Recommendation in January 2005, recommending denying the petition and the petitioner's request for a hearing. (Doc. No. 41). Objections and a response to those objections were filed with the Court. (Doc. Nos. 43 and 44). In July 2005, Judge Ann Aldrich declined to adopt the Report and granted the petition for a writ of habeas corpus. (Doc. No. 45). The Respondent immediately appealed this decision and requested a stay of the Order, which Judge Aldrich granted.

In October 2006, the Sixth Circuit Court of Appeals reversed the district court finding that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), had no effect on the constitutional requirements for

indictments utilized in state prosecutions. *Williams v. Haviland*, 467 F.3d 527, 529 (6th Cir. 2006). The case was remanded for consideration of the remainder of Petitioner's claims.

In June 2007, the district court issued a memorandum opinion and judgment entry which ruled on the rest of the petition. (Doc. Nos. 56 and 57). The district court began its memorandum noting that it initially granted the petition on the first two claims for habeas relief which was then reversed by the Sixth Circuit. Judge Aldrich then adopted the Report's recommendations on the Petitioner's remaining claims and denied the petition. (*Id.*). The Court also declined to issue a certificate of appealability pursuant to 28 U.S.C. § 2254(c)(2).

The Petitioner appealed this ruling. (Doc. No. 58). On April 10, 2008, the Sixth Circuit denied Petitioner's application for a certificate of appealability. (Doc. No. 60). Having set for the relevant background, I now turn to the Petitioner's request.

## II. PETITIONER'S REQUEST FOR RESOLUTION OF DISPUTE

Petitioner seeks resolution of a dispute regarding claims ruled upon and granted by the Court. He claims that statements in the district court's June 2007 Memorandum Opinion and those by the Sixth Circuit in April 2008 "are in direct conflict with each other." The Petitioner states that resolution of this conflict is required in the interests of justice.

In the second sentence of the June 2007 Memorandum Opinion, Judge Aldrich stated, "[t]his court initially granted Williams's petition on his first two claims for habeas relief in a memorandum and order dated July 1, 2005 [Docket No. 45], but the Sixth Circuit reversed in October 2006 [Docket No. 52] and remanded the matter to this court to consider the rest of Williams's petition." (Doc. No. 56 at p. 1).

The Sixth Circuit considered Petitioner's request for a certificate of appealability with regard to this decision and noted in the procedural background:

2

> As noted, the district court initially granted the petition. Specifically, the court found Williams's *Apprendi* claim meritorious, but addressed Williams's other claims noting only that it "has deliberately eschewed consideration of Williams's state law arguments, because state law is an arena in which it defers to the state courts." This court rejected the district court's *Apprendi* analysis, and remanded the case to the district court "to consider the remainder of Williams's habeas petition." *Williams*, 456 F.3d at 536. Thereafter, *the district court did not specifically address Williams's second claim that his indictment violated Ohio law and therefore deprived him of a liberty interest,* but addressed and rejected Williams's objections to the magistrate judge's recommendation that his other claims be deemed meritless.

(Doc. No. 60 at p. 2) (Emphasis added). It is this italicized language which Petitioner points to as conflicting with the Court's June 2007 opinion. I disagree.

The Sixth Circuit's decision did consider Williams's objections as to his liberty interest:

> Before this court Williams seeks a certificate of appealability with respect to this claims that his indictment deprived him of a liberty interest under Ohio law and that insufficient evidence supports his aggravated murder conviction. Upon consideration, Williams's petition for a certificate of appealability will be denied because his claims do not warrant encouragement to proceed further. *See Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). First, the Ohio Court of Appeals rejected Williams's claims in a decision that does not involve an unreasonable determination of the facts or an improper application of Supreme Court precedent. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). The Ohio Court of Appeals concluded that Williams's indictment comported with the requirements of state law, *Williams*, 2002 WL 1594013, at *2-3, and this court concluded that this indictment "undoubtedly provided Williams with fair notice of the charges against him," and that any defect was harmless in any event. *Williams*, 467 F.3d at 535. Moreover, the district court correctly concluded that the evidence as characterized by the Ohio Court of Appeals, *see Williams*, 2002 WL 1594013, at *4-5, constitutes constitutionally adequate evidence of an intent to kill to support Williams's aggravated murder conviction viewing the evidence in the light most favorable to the prosecution. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979).
>
> Under these circumstances, Williams's petition for a certificate of appealability is denied.

(Doc. No. 60 at pp. 2-3).

When the Sixth Circuit's opinion is read in its entirety, I find there is no conflict which requires resolution.

3

## III. Conclusion

For the reasons stated above, the Petitioner's request (Doc. No. 61) is denied.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge